UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00305-01 |
| | CIVIL ACTION NO. 10-1368 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KENNETH ROSHAUD HOWARD | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 32) filed by Petitioner Kenneth Roshaud Howard ("Howard"). Howard seeks an order from the Court vacating or reducing his sentence on the grounds that he received ineffective assistance of counsel. He also seeks resentencing under the Fair Sentencing Act of 2010. For the reasons set forth below, Howard's motion is **DENIED**.[1]

**BACKGROUND**

On January 9, 2009, pursuant to a written plea agreement, Howard plead guilty to a One Count Indictment charging him with distribution of 50 grams or more of a mixture or substance containing cocaine base, otherwise known as crack, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) . See Record

---

[1]Howard requested an evidentiary hearing and appointed counsel for such hearing. However, a motion to vacate a judgment and sentence filed pursuant to 28 U.S.C. § 2225 does not automatically mandate a hearing. See Scott v. U.S., 598 F.2d 392, 393 (5th Cir. 1979). "When claims for habeas relief are based on unsupported generalizations, a hearing is not required." Id. Here, as set forth *infra*, Howard has offered nothing more than factually unsubstantiated, conclusory allegations to support his claims. Accordingly, he is not entitled to a hearing on the matter.

Documents 1, 19-20. At the Rule 11 hearing, Howard expressed concern over the increase in his sentence from a mandatory minimum of 10 years for the instant offense to a mandatory minimum of 20 years resulting from the government's filing of a Notice of Prior Narcotics Conviction pursuant to Title 21, United States Code, Section 851. See Record Document 28 at 4-7, 15. The increase in penalties was addressed and well explained by this Court. See id. at 15-16. Howard acknowledged his understanding of the increased penalties under Section 851. See id. On April 23, 2009, Howard was sentenced to 240 months imprisonment, the statutory minimum in light of the Section 851 Notice. See Record Documents 22-23.

Counsel for Howard filed a Notice of Appeal. See Record Document 24. On appeal, the Federal Public Defender appointed to represent Howard filed an Anders brief. See Record Document 31. Appellate counsel moved to withdraw. See id. Howard did not respond to the Anders brief. See id. The United States Court of Appeals for the Fifth Circuit conducted an independent review of the record and found no nonfrivolous issue for appeal. See id. Accordingly, the Fifth Circuit granted the motion to withdraw and dismissed the appeal. See id.

Howard now brings this timely Section 2255 motion. See Record Document 32. He asserts the following grounds for relief:

- (1) Ineffective assistance of counsel on the grounds that his constitutional rights to a fair sentencing determination and a reasonable opportunity for appellate review was obstructed. More specifically, he argues that "counsel made two critical errors": (A) advising him to enter into a plea in which he received no benefit; and (B) failing to object to the Section 851 notice. See Record Document 32-1 at 5-9.

- (2) He is entitled to resentencing in accordance with the Fair Sentencing Act of 2010.

**LAW AND ANALYSIS**

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255. See U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

A defendant who has raised either a constitutional or jurisdictional error for the first

time on collateral review must show both "cause" for his procedural default and "actual prejudice" resulting from the asserted error. See Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995); U.S. v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994). Any defendant who does not meet the burden of showing both "cause" and "prejudice" or "actual innocence"[2] is procedurally barred from attacking his conviction.

Defendant may establish "cause" for his procedural default by showing "that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." U.S. v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors include interference by officials that make compliance with the procedural rule impracticable, or a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. See id. (internal quotations and citations omitted).

In addition to showing cause, the defendant must establish actual prejudice to overcome the procedural bar. See id. at 994. A defendant shows actual prejudice when he demonstrates that, but for the claimed error, he might not have been convicted. See id. In the case of a guilty plea, as in the instant case, a defendant must show that absent the error he would not have pleaded guilty and would have insisted on going to trial. See id.

## I. Ineffective Assistance of Counsel.

As stated previously, Howard has raised ineffective assistance of counsel claims.

---

[2] "The only exception to the cause and prejudice test is the extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." U.S. v. Young, 77 F. App'x 708, 709 (5th Cir. 2003).

Such claims may be considered under Section 2255 because the Sixth Amendment right to counsel "is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 104 S.Ct. 2052, 2065 (1984). In order to prevail on a claim of ineffective assistance of counsel, Howard must prove (1) that his counsel's actions were deficient, i.e., fell below an objective standard of reasonableness; and (2) that his counsel's deficient performance prejudiced the defense, i.e., his attorney's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Howard bears the burden of proving both prongs of the Strickland test. See U.S. v. Franks, 230 F.3d 811, 813 (5th Cir. 2000). "Failure to establish deficient performance or prejudice defeats an ineffective assistance claim." Id. Courts need not analyze the Strickland prongs in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 172, n. 6 (5th Cir. 1998).

Under the first prong of the Strickland test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Under the second prong, the defendant must show "that there is reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). In other words, "to establish prejudice . . ., a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair." U.S. v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994).

### A. Ineffective Assistance Claim Relating to Guilty Plea.

In his Section 2255 motion, Howard challenged the validity of his guilty plea. More specifically, he contends that it was error for his attorney to advise him to enter into a plea in which he received no benefit. Yet, he did not raise the validity of his guilty plea on appeal, in that he filed no response to the Anders brief.

The issue as to the validity of Howard's guilty plea cannot be considered because he has failed to establish the requisite "cause" and "prejudice" or "actual innocence." See Bousley, 523 U.S. at 622, 118 S.Ct. at 1611. In Bousley, the Supreme Court reiterated the established principle that a guilty plea, which is otherwise voluntarily and intelligently entered, cannot be attacked on collateral review. See id. at 621, 118 S.Ct. at 1610. The voluntary and intelligent nature of the plea can only be attacked if that issue was first raised on direct review. See id.

Additionally, because Howard pleaded guilty, he waived all non-jurisdictional defects in the proceedings against him. See U.S. v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008). "This [waiver] includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." U.S. v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). In McMann v. Richardson, 397 U.S. 759, 770, 90 S. Ct. 1441, 1448 (1970), the Supreme Court explained that "whether a plea of guilty is unintelligent and therefore vulnerable . . . depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." In other words, a "plea of guilty based on reasonably competent advice is an intelligent plea not open to attack." Id.

Here, Howard has not claimed that his guilty plea was coerced or involuntary in any way. The transcript from the guilty plea further supports the finding that Howard's plea was voluntary. See Record Document 28. Howard, who was sworn during the plea colloquy,[3] confirmed that he understood the effects of the Section 851 enhancement. See id. at 4-6, 15-16. He further stated that his attorney had talked with him about such matters. See id. His attorney was also very involved in this portion of the colloquy, stating:

> Your honor, I think he understands what it is. His question was: Why was it filed? And what I've explained to him is that it was something the Government chooses to do and I don't control that and you don't control that, and that's where we are.

Id. at 5. Howard acknowledged that he was aware that he was giving up a number of constitutional rights by pleading guilty. See id. at 7. With no objection from Howard, this court explained the implication of the guilty plea, the elements of the offense, the stipulated statement of facts, and the maximum penalties. See id. at 7-16. Howard stated that he was satisfied with his counsel's representation of his interests; that no one had threatened, forced or tricked him into pleading guilty; that he was pleading guilty because he was in fact guilty as charged; and that his plea was a free and voluntary act done with the advice of counsel. See id. at 11, 14.

After an independent review of the record in this matter, the Court finds that Howard has failed to demonstrate that he was prejudiced by pleading guilty. His vague and ambiguous allegations regarding his attorney's conduct are unconvincing in the face of the thorough and detailed colloquy that occurred during his Rule 11 hearing. Howard has not

---

[3] Sworn statements made "in open court during a plea hearing carry a strong presumption of verity." U.S. v. Martinez-Molina, 64 F.3d 719, 733 (1st Cir. 1995), citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977).

claimed, nor does the record support, actual innocence. Likewise, he has not established any evidence or argument sufficient to enable this Court to conclude that his counsel was ineffective or that his plea was involuntary. Rather, the record supports a finding that Howard's counsel rendered advice that was, at a minimum, within the range of competence demanded of attorneys in criminal cases

Section 851 Notice

The Court will now look more closely at Howard's argument regarding the Section 851 Notice. He contends that his attorney should have objected to the filing of the Section 851 Notice and that the underlying offense in the notice was not a qualifying felony. He also claims that his attorney failed to counsel with him about the Section 851 Notice.

Howard has provided no documentation to support his claims relating to the Section 851 Notice. The underlying drug offense was included in paragraphs 30-32 of the Presentence Investigation Report ("PSR"). The PSR noted that Howard pled guilty to possession of cocaine, a felony offense. Thus, any objection by counsel would have been frivolous and fruitless. See Emery v. Johnson, 139 F.3d 191, 198 (5th Cir.1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance).

The transcript from the Rule 11 hearing obviates Howard's claim that his attorney did not explain the Section 851 Notice to him. Howard stated, under oath, that he understood the effects of the Section 851 Notice and that his attorney had talked with him about such matters. See Record Document 28 at 4-6, 15-16. Thus, Howard's conclusory allegations relating to the Section 851 Notice are subject to summary dismissal. See Blackledge, 431 U.S. at 74, 97 S.Ct. at 1629 ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the

face of the record are wholly incredible.").[4]

## II.     Request for Resentencing under Fair Sentencing Act of 2010

Howard asserts that the mandatory minimum for his offense was reduced by Congress in August 2010 and that he is eligible for a sentence reduction as a result of the Fair Sentencing Act of 2010. Notwithstanding the issue of whether a Section 2255 motion is the proper procedural vehicle to make the instant challenge, it is clear that the Fair Sentencing Act ("FSA") of 2010 does not provide a basis for a sentence reduction in this matter.

In <u>Dorsey v. U.S.</u>, — U.S. —, 132 S.Ct. 2321 (2012), the Supreme Court held "that a defendant who committed an offense prior to the effective date of the FSA but was sentenced after the effective date was entitled to the benefits of the FSA for crimes to which it applies." <u>Id.</u> at 2335. The FSA became effective in August 2010. Howard committed his offense in 2007 and was sentenced in 2009, all well before the FSA's effective date in August 2010. Thus, the FSA does not retroactively apply to Howard.

## CONCLUSION

Based on the foregoing, the Court finds that Howard's ineffective assistance of counsel claims fail. Additionally, any and all arguments relating to the Section 851 Notice and the application of the Fair Sentencing Act of 2010 are without merit. Accordingly, Howard's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 32) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United

---

[4]Howard asserts that his counsel committed error by not preserving the Section 851 Notice issue for appellate review. This argument lacks merit. His appellate counsel filed an <u>Anders</u> brief, yet he failed to file a response. Thus, Howard has not overcome the procedural bar – he has not demonstrated "cause" for his default and cannot demonstrate "prejudice."

States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of September, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE